*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

SEP - 8 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>RAFAEL SANCHEZ and<br>BERTHALISA SANCHEZ,<br><br>           Debtors.<br>_____<br><br>RAFAEL SANCHEZ and<br>BERTHALISA SANCHEZ,<br><br>           Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK,<br><br>           Defendant.<br>_____ | Case No. 03-22417-D-13L<br><br><br><br><br><br><br>Adv. Pro. No. 06-2251-D<br><br>Docket Control Nos. HM-1<br>           and WW-10 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM DECISION**

On July 16, 2008, defendant Washington Mutual Bank filed a Motion to Compel Further Answers to Interrogatories, Set No. 1, as Docket Control No. HM-1 ("the WAMU Motion"). On August 5, 2008, plaintiffs Rafael Sanchez and Berthalisa Sanchez filed opposition, and on August 11, 2008, WAMU filed a reply.

Also on August 5, 2008, the plaintiffs filed Plaintiffs' Motion to Compel Responses to Discovery and for Sanctions for Failure to Comply With Discovery Requests, as Docket Control No. WW-10 ("the plaintiffs' Motion"). WAMU did not file opposition, but instead, on August 14, 2008, filed a motion to reschedule, in

1   essence seeking a continuance of the hearing on the plaintiffs'

2   Motion (among other things).

3        A hearing on the motion to reschedule was held on August 26,

4   2008, during which the court agreed to continue the hearings on

5   both motions to compel to October 14, 2008.  However, the court

6   also advised the parties that it might make an earlier

7   determination that oral argument would not aid the court in

8   rendering its decision.  The court now exercises that option, and

9   determines, for the reasons set forth below, that both the WAMU

10  Motion and the plaintiffs' Motion will be denied.

11              I. Standards for Meet and Confer Certification

12       Federal Rule of Civil Procedure 37(a)(1), made applicable in

13  bankruptcy adversary proceedings by Federal Rule of Bankruptcy

14  Procedure 7037, requires that a motion to compel discovery

15  "include a certification that the movant has in good faith

16  conferred or attempted to confer with the person or party failing

17  to make . . . discovery in an effort to obtain it without court

18  action."

19       The certification requirement was described in <u>Shuffle</u>

20  <u>Master v. Progressive Games</u>, 170 F.R.D. 166 (D. Nev. 1996) as

21  comprising two elements:

22          [T]wo components are necessary to constitute a facially
            valid motion to compel.  First is the actual
23          *certification* document.  The certification must
            accurately and specifically convey to the court who,
24          where, how, and when the respective parties attempted
            to personally resolve the discovery dispute.  Second is
25          the *performance*, which also has two elements.  The
            moving party performs, according to the federal rule,
26          by certifying that he or she has (1) in good faith (2)
            conferred or attempted to confer.  Each of these two
27          subcomponents must be manifested by the facts of a
            particular case in order for a certification to have
28          efficacy and for the discovery motion to be considered.

1  <u>Shuffle Master</u>, 170 F.R.D. at 170 (emphasis in original).

2  The court went further:  "[A] moving party must include more

3  than a cursory recitation that counsel have been 'unable to

4  resolve the matter.'"  170 F.R.D. at 171.  Instead, counsel must

5  set forth

6
7      essential facts sufficient to enable the court to pass
       a preliminary judgment on the adequacy and sincerity of
       the good faith conferment between the parties.  That
8      is, a certificate must include, *inter alia*, the names
       of the parties who conferred or attempted to confer,
9      the manner by which they communicated, the dispute at
       issue, as well as the dates, times, and results of
10     their discussions, if any.

11 <u>Id</u>.

12 "[G]ood faith cannot be shown merely through the perfunctory

13 parroting of statutory language on the certificate to secure

14 court intervention; rather [the rule] mandates a genuine attempt

15 to resolve the discovery dispute through non-judicial means."

16 <u>Shuffle Master</u>, 170 F.R.D. at 171.

17 The <u>Shuffle Master</u> court held that the rule "requires a

18 party to have had or attempted to have had an actual meeting or

19 conference."  170 F.R.D. at 171.  "'[C]onferring' under Rule

20 37(a)(2)(B) [now Rule 37(a)(1)] must be a personal or telephonic

21 consultation during which the parties engage in meaningful

22 negotiations or otherwise provide legal support for their

23 position."  170 F.R.D. at 172.  The court found that the series

24 of facsimile letters transmitted in that case did not satisfy the

25 requirement.  <u>Id</u>.

26 These principles were adopted and applied in the bankruptcy

27 context in <u>Leimbach v. Lane (In re Lane)</u>, 302 B.R. 75, 78-79

28 (Bankr. D. Idaho 2003), in which the court concluded that the

- 3 -

motion to compel in that case, supported only by a letter from the moving party's counsel to his opponent, "[did] not comply with the requirements of the Rule, or meet its policy and purpose."  302 B.R. at 79, citing <u>Shuffle Master</u> and <u>Ross v. Citifinancial, Inc.</u>, 203 F.R.D. 239, 240 (S.D. Miss. 2001) ["the requirement of a [meet and confer] certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue. . . . The Court is unwilling to decipher letters between counsel to conclude that the requirement has been met."].

The court adopts the standards set forth in <u>Shuffle Master</u>, and as applied in this case, finds that neither WAMU's Motion nor the plaintiffs' Motion satisfies Rule 37(a)(1).

## II. The WAMU Motion

The WAMU motion was originally supported by a declaration of David F. Anderson identifying as true and correct copies of a series of letters between Mr. Anderson, as counsel for WAMU, and Mark Wolff, as counsel for the plaintiffs.  Copies of the letters were filed as exhibits.  The WAMU Motion itself contains this perfunctory statement:  "Meet and confer letters were thereafter exchanged.  A final meet and confer option was given by [Mr. Anderson's] letter of June 13, 2008.  No further response was received."  WAMU Motion, ¶ 8.

On August 25, 2008, Mr. Anderson filed a supplemental declaration in which he referred to and quoted from several of those letters, and referred to a single conversation with Mr. Wolff, which took place on August 22, 2008, over a month after the WAMU Motion was filed.

- 4 -

1    Neither the original nor the supplemental declaration nor

2    the two in combination qualify as an "actual certification

3    document" that "accurately and specifically convey[s] to the

4    court who, where, how, and when the respective parties attempted

5    to personally resolve the discovery dispute," as the <u>Shuffle</u>

6    <u>Master</u> court phrased the requirement.  The court will not wade

7    through a lengthy series of letters in order to determine whether

8    the parties in good faith attempted to resolve their differences;

9    transplanting quotations from the letters into a declaration does

10   not solve the problem.

11        Further, it appears no attempt was made to arrange a

12   personal or telephonic communication to meaningfully discuss the

13   discovery disputes.  Instead, Mr. Anderson simply relied on a

14   series of letters in which he provided deadlines for further

15   responses to his discovery requests, and concluded that if such

16   responses were not received, he would assume that none would be

17   forthcoming.[1]

18        In short, the court finds that WAMU's Motion lacks the

19   necessary Rule 37(a)(1) certification that WAMU, as the moving

20   party, in good faith conferred or attempted to confer with the

21   plaintiffs in an effort to obtain the requested discovery without

22   court action.

23                   III. The Plaintiffs' Motion

24        The plaintiffs' Motion, as originally filed, contains what

25   on its face appears to be an actual certification document, in

26

27        1.  See, for example, Mr. Anderson's letters of April 29,
     2008 and June 13, 2008, Exhibits 3 and 8 among WAMU's exhibits
28   filed July 16, 2008.

the form of a declaration of Mark A. Wolff.  Mr. Wolff testifies
(1) that he has "in good faith conferred and attempted to confer
with WAMU, . . . through its attorneys Lawrence W. Stevens and
David Anderson," (2) that a particular exhibit is a true and
correct copy of his letter to those gentlemen "confirming and
memorializing [their] meet and confer session held January 29,
2008," (3) that another exhibit is a true and correct copy of a
letter to Mr. Anderson, described as "the last in a series of
correspondence and communications with WAMU and its attorneys in
attempts to obtain discovery requested," and (4) that after the
plaintiffs' earlier motion to compel, "Plaintiffs and WAMU met at
a lengthy meet and confer session for the purpose of resolving
the then pending discovery disputes."

        The first of these statements is nothing more than the
"perfunctory parroting of the statutory language."  The second
statement refers to a meet and confer session held on January 29,
2008, well in advance of the service of many of the discovery
requests that are the subject of the plaintiffs' present Motion.
The third statement merely refers the court to a series of
otherwise unidentified "correspondence and communications."  The
fourth statement refers to a meet and confer session pertaining
to a prior discovery motion.

        As with Mr. Anderson's declarations, these statements do not
"accurately and specifically convey to the court who, where, how,
and when the respective parties attempted to personally resolve
the discovery dispute," (Shuffle Master, 170 F.R.D. at 170) and
the court is unable "to pass a preliminary judgment on the
adequacy and sincerity of the good faith conferment."  Id. at

171.    Further the court cannot determine that the plaintiffs, as the moving parties, or their counsel "personally engage[d] in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."   Id. at 171.

Like Mr. Anderson, Mr. Wolff chose to submit a supplemental declaration.  Mr. Wolff refers to two telephone conversations with Mr. Anderson, on March 27 and April 1, 2008, and three face-to-face meetings, on January 29, July 22, and August 19, 2008. It appears that no effort to conduct an in-person meeting was made between January and July, and the July 22 meeting appears to have been accidental rather than planned.[2]  The August 19 meeting came only after the plaintiffs' Motion was filed.

The court finds that Mr. Wolff's declarations, like Mr. Anderson's, do not constitute a sufficient Rule 37(a)(1) certification.  The court is simply unable to determine that the moving parties in good faith engaged in meaningful negotiations in a genuine effort to resolve the discovery dispute.

Instead, it appears to the court that the parties' letter-writing exercise has been directed more toward hardening the parties' positions and providing a thick stack of paper so as to satisfy their notion of the meet and confer requirement and thereby get their disputes before the court.

The court intends to put teeth into the meet and confer

----

2.    The court also disagrees with Mr. Wolff's characterization of his July 17, 2008 letter as an "[invitation] . . . to further meet at a face to face meeting."  Instead, Mr. Wolff stated his belief that the parties' prior exchanges constituted a sufficient meet and confer.

requirement, and will not countenance game-playing or hiding the ball. The court expects that a truly good faith meet-and-confer will either resolve most of the issues that would otherwise give rise to a motion to compel or significantly narrow down the issues. If the court finds that a party has failed to attempt in good faith to resolve its issues before seeking court intervention, that party may expect that sanctions will be imposed. On the other hand, if a party makes a good faith effort to obtain discovery, but without success, and if the court grants that party's motion to compel, the parties may expect that sanctions will be imposed against the party resisting the discovery.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that neither the WAMU Motion nor the plaintiffs' Motion contains the requisite Rule 37(a)(1) certification, and accordingly, both motions will be denied. The court will issue separate orders.

Finally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), incorporated herein by Federal Rule of Bankruptcy Procedure 7037, the court considers whether to award costs to either party. Because the court will deny the motions of both parties, the court concludes that awards of attorney's fees would simply offset each other. Thus, no such awards will be made.

Dated: September 8, 2008

_Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge

- 8 -

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as assistant to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Attorney for Plaintiff

Mark Wolff
8861 Williamson Dr., #30
Elk Grove, CA 95624-7920

Attorney for Defendant

Lawrence Stevens
9200 Oakdale Avenue, 7th Floor
Chatsworth, CA 91311

David Anderson
Hauser & Mouses
P.O. Box 1397
Woodbridge, CA 95258-1397

DATE:  SEP - 8 2008

_____
Andrea Lovgren

9